***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted December 20, 2022, affirmed April 26, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHASE THOMAS PHILLIPS,
*Defendant-Appellant.*

Deschutes County Circuit Court
20CR45218; A176151

Wells B. Ashby, Judge.

Peter G. Klym, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert A. Koch, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment convicting him of driving under the influence of intoxicants (DUII), ORS 813.010. In his sole assignment of error, he contends that the trial court erred in denying his motion to suppress evidence obtained during a traffic stop because the officer lacked reasonable suspicion to stop and investigate him for DUII. We affirm.

Defendant contends that the dashboard camera video footage submitted as an exhibit at the suppression hearing "shows that defendant's driving did not provide observable, specific and articulable facts" that he was committing or about to commit DUII. Rather, in defendant's view, the video, which provides an "irrefutable record" of what occurred, "shows defendant driving appropriately."

Having reviewed the video, the officer's testimony, and the trial court's ruling, we disagree. "We previously have concluded—on several occasions—that a police officer's observation of a vehicle weaving in its own lane provides a sufficient basis to reasonably believe that the driver of the vehicle is operating the vehicle under the influence and to stop the vehicle for further investigation." *State v. Shupe*, 276 Or App 496, 501, 368 P3d 41, *rev den*, 360 Or 423 (2016), *overruled in part on other grounds by State v. Serbin*, 324 Or App 792, 527 P3d 794 (2023) (collecting cases). In light of that case law, we are persuaded that defendant's driving as reflected in the video, together with the officer's observations, knowledge, and experience that such driving amid other relevant circumstances may indicate impairment, made it reasonable for the officer to believe that defendant might be driving under the influence of intoxicants. Accordingly, the trial court did not err in denying defendant's motion to suppress.

Affirmed.